UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DWAYNE STOVALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV420-081 |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Dwayne Stovall filed what appears to be a petition pursuant to 28 U.S.C. § 2254. *See generally* doc. 1. It was filed in the United States District Court for the Middle District of Georgia, where Stovall was incarcerated. *See* doc. 1 at 1. Because Stovall was convicted in Liberty County, Georgia, his petition was transferred to this Court. *See* doc. 4 at 1. Stovall also moved to pursue this case *in forma pauperis*. Doc. 2. Because it appears that he lacks the funds to pay the Court's filing fee, *see* doc. 2 at 2, that motion is **GRANTED**. The Court, therefore, proceeds to screen the Petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

Despite submitting the petition on a § 2254 form, *see* doc. 1 at 1, Stovall is explicit that "[t]his is not a petition from the conviction but length of confinement / time to serve as mandated by law with credit as a detainee," *id.* at 13. This Court has recognized that such petitions are not properly pursued under § 2254, but only under § 2241. *See Tubman v. Williams*, 2014 WL 3778282, at *1 (S.D. Ga. July 30, 2014); *see also Williams v. Fort*, 2022 WL 848076, at *1 (S.D. Ga. Feb. 25, 2022). The Court, therefore, construes Stovall's Petition as a § 2241 petition. *See, e.g., Williams*, 2022 WL 848076, at *1, *1 n. 2 (reconstruing petition filed on a § 2254 form as a § 2241 petition).

Construed as a § 2241 petition, Stovall's Petition should be dismissed. "Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

2

the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). The petition indicates that Stovall was incarcerated at Calhoun State Prison. *See* doc. 1 at 1. As the transferor court noted, Calhoun State Prison is in Morgan, Georgia. Doc. 4 at 1. Morgan is located in Calhoun County, in the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(5). Stovall has since informed the Court that he is now incarcerated in Central State Prison, in Macon, Georgia. *See* doc. 7. Macon is located in Macon-Bibb County, also in the Middle District. *See* 28 U.S.C. § 90(b)(2). Since the Court lacks jurisdiction over Stovall's § 2241 petition, it should be **DISMISSED**. *See Fernandez*, 941 F.2d at 1495; *see also, e.g., United States v. Michel*, 817 F. App'x 876, 879 (11th Cir. 2020) (concluding "[t]he district court . . . declined correctly to review [prisoner's] request for relief under 28 U.S.C. § 2241[,]" because the request was not filed in the district of confinement). The Court might transfer the case to that district, but, for the reasons explained below, dismissal is more appropriate. *See* 28 U.S.C. §§ 1404(a), 1406(a).

The Eleventh Circuit has recently made it explicitly clear that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or collateral review." *Id.* at 1096 (internal quotation marks and citations omitted).

Stovall alleges that he presented the grounds he raises here in a state habeas petition that was dismissed in 2016. *See* doc. 1 at 6-10. He confirms, however, that he did not appeal that disposition. *See id.* Stovall's failure to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition precludes a determination that his previous state habeas petition was sufficient to exhaust his state remedies. *See, e.g., Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004). His second state court proceeding, apparently a "mandamus" proceeding, was "ongoing" when he filed the Petition. *See* doc. 1 at 2. Since it is clear that Stovall has not exhausted his state

4

remedies, his Petition would be subject to dismissal, even if the Court were to transfer it. Transfer to the Middle District would, therefore, be futile. *See, e.g., Sims v. Florida Dep't of Corrs.*, 2016 WL 6304484, at *2 (N.D. Fla. Sept. 20, 2016) (declining to transfer habeas petition on futility grounds).

Since the Court lacks jurisdiction over Stovall's Petition, and transfer would be futile, it should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 6th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6